**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JANET COLLINS, AS PERSONAL
REPRESENTATIVE FOR THE ESTATE OF
OLIVER COLLINS, SR.

    Plaintiff,

-v-

GRAND TRUNK WESTERN RAILROAD
COMPANY and CANADIAN NATIONAL
RAILWAY COMPANY,

    Defendants.

_____/

Case No.:
Hon.

A previous case was filed on October 15, 2020, "Oliver Collins vs Grand Trunk Western Railroad and Canadian National Railway Company, given case number 3:20-cv-12566-RHC-RSW and was assigned to Judge Robert H. Cleland.

## COMPLAINT AND JURY DEMAND

_____Plaintiff, Janet Collins as Personal Representative for the Estate of Oliver Collins, Sr., by her attorneys, Giroux Trial Attorneys, P.C., for her Complaint against the above-named Defendants, states as follows:

## JURISDICTION AND VENUE

1. This suit is governed by the Federal Employers' Liability Act, 45 U.S.C. Sec. 51 et seq., which grants this Court jurisdiction over this action.

1

## **PARTIES**

2. The Plaintiff, Janet Collins, is, and at all times relevant to this action was a resident of the Township of Attica, County of Lapeer, State of Michigan.

3. Oliver Collins, Sr., deceased, and at all times relevant to this action was a resident of the Township of Attica, County of Lapeer, State of Michigan.

4. Defendant, Grand Trunk Western Railroad Company, successor in interest to Detroit, Toledo and Ironton Railroad Company, (hereinafter the "GTW"), a Michigan corporation, was at all times relevant hereto, engaged in interstate commerce in and throughout several states of the United States as a common carrier by rail; and for the purposes hereof did operate locomotives, railroad cars and repair facilities and transacted substantial business throughout the various states of the United States, including Michigan.

5. Canadian National Railway Company (hereinafter "CN"), a foreign corporation, was at all times relevant hereto, engaged in interstate commerce in and throughout several states of the United States as a common carrier by rail; and for the purposes hereof did operate locomotives, railroad cars and repair facilities and transacted substantial

business throughout the various states of the United States, including Michigan.

6.   From 1965 to 2002, the Plaintiff-Decedent, Oliver Collins, Sr. was employed by Defendants or their predecessors-in-interest, as an engineer, was acting in the course and scope of his employment with Defendants and was engaged in the furtherance of interstate commerce within the meaning of said Act.

7.   During the course and scope of his career with Defendants and while working in the Defendants' yards, buildings, locomotives and along their rights-of way, Plaintiff-Decedent was exposed to various toxic substances and carcinogens, including but not limited to, diesel fuel/fumes/exhaust, benzene, creosote, herbicides, and asbestos dust and fibers, which has led to his unfortunate death.

8.   Specifically, while riding in locomotives, Plaintiff-Decedent was regularly exposed to asbestos, especially in the asbestos lined/insulated cabs of the locomotives to which he was assigned to work, as well as in and around the railcar repair shops, the round house (where it was used for insulation), and locomotive and rail car brake shoes. Moreover, Defendants' employees were issued asbestos gloves.

9.   The brake shoes used on the locomotives and rail cars during

the referenced exposure period were made of an asbestos composite material. As a Locomotive Engineer, Plaintiff-Decedent would have been applying the locomotive's brakes regularly throughout each shift. Each brake application would cause wear on the brake shoes and result in asbestos dust being expelled into the air. The Locomotive Engineer seated in the cab would be positioned directly above the brake shoes.

10. When inhaled or otherwise ingested, asbestos causes irreparable and progressive lung damage that can manifest itself as asbestos-related pleural disease, asbestosis, mesothelioma, pulmonary and bronchogenic carcinoma, gastrointestinal cancer, cardiac problems, other lung diseases, pneumoconiosis, and various other injuries.

11. Plaintiff-Decedent's exposure to asbestos, a toxic substance and known carcinogen, whether by touch, inhalation or consumption, in whole or in part, caused or contributed to his development of pulmonary fibrosis.

12. Plaintiff-Decedent's exposure was cumulative and occurred at different and variable exposure levels over the course of his career depending on his work location.

13. The Plaintiff-Decedent's pulmonary fibrosis and related diseases are the result of Defendants' negligence in utilizing known

4

asbestos-containing materials in its operation, which the Defendants knew, or in the ordinary exercise of ordinary care should have known, were deleterious, toxic, carcinogenic, and highly harmful to their employees' health.

14. Defendants' negligence consisted of:

   a. Failing to use ordinary care and caution to provide the Plaintiff-Decedent with a reasonably safe place in which to work as required by the FELA;

   b. Failing to take any effective action to reduce, modify or eliminate certain job duties, equipment or practices so as to minimize or eliminate the Plaintiff-Decedent's exposure to toxic materials and carcinogens, including but not limited to asbestos;

   c. Failing to test railroad facilities, equipment, yards, buildings, and right of ways for the presence of toxic materials and carcinogens, including but not limited to asbestos;

   d. Failing to engage in follow up monitoring of its facilities, equipment, yards, building, and right of ways for the presence of toxic materials and carcinogens, including but not limited to asbestos;

   e. Failing to properly remediate known toxic materials and carcinogens, including but not limited to asbestos, from its facilities, equipment, yards, building, and right of ways;

   f. Failing to periodically test employees such as the Plaintiff-Decedent for physical effects of exposure to toxic materials and carcinogens, including but not limited to asbestos, and failing to take appropriate action, including advising the Plaintiff-Decedent as to the test results;

   g. Failing to warn the Plaintiff-Decedent of the risk of contracting pulmonary fibrosis or other diseases as a

5

        result of exposure to known toxic materials and carcinogens, including but not limited to asbestos;

    h.    Failing to make reasonable efforts to inspect or monitor the levels/amounts of exposure, of the Plaintiff-Decedent, to toxic materials and carcinogens, including but not limited to asbestos;

    i.    Failing to provide the Plaintiff-Decedent with the knowledge as to what would be reasonably safe and sufficient wearing apparel and proper protective equipment to protect him from being injured by exposure to toxic materials and carcinogens, including but not limited to asbestos;

    j.    Failing to provide locomotives with adequate and/or functional ventilation that should have filtered the air for toxins and carcinogens, including but not limited to asbestos;

    k.    Failing to utilize low emissions fuel such jas biodiesel for its locomotives; and,

    l.    Failing to provide the Plaintiff-Decedent with protective equipment designed to protect him from exposure to toxic materials and carcinogens, including but not limited to asbestos.

15.    The Locomotive Inspection Act, 49 USC § 20701 requires that locomotives are in proper condition and safe to operate without unnecessary danger of personal injury.

16.    The Defendants failed to provide the Plaintiff-Decedent with locomotives that had proper and adequate ventilation and/or air filtration systems, the failure of which allowed diesel fumes, dust, fibers and toxins to accumulate and, subsequently, be inhaled by the Plaintiff-Decedent.

6

17.     Generally, the Defendants were in violation of 49 CFR § 229.7 which prohibits railroads from using any locomotive that "is not in proper condition or safe to operate without unnecessary peril to life or limb" and 49 CFR § 229.45 which states, in part, that "all systems and components on a locomotive shall be free of conditions that endanger the safety of the crew, locomotive or train".

18.     Furthermore and more specifically, the Defendants were in violation of 49 CFR 229.43(a) that states that: "Products of combustion shall be released entirely outside the cab and other compartments. Exhaust stacks shall be of sufficient height or other means provided to prevent entry of products of combustion into the cab or other compartments under usual operating conditions."

19.     Additionally, the Defendants failed to install proper engine exhaust filters, utilize low emissions fuel such as biodiesel, and mandate cleaner burning engines from the locomotive manufacturers.

20.     The aforesaid occurrences were caused in whole or in part by the negligence of the Defendants and/or the negligence of the Defendants' agents, servants and/or employees.

21.     As a direct result of the negligence of the Defendants, the Plaintiff-Decedent experienced pain, suffering, inconvenience, irritation,

annoyance; emotional distress and has incurred medical expenses associated with diagnosis and treatment prior to his death.

22. As a direct result of the negligence of the Defendants, the members of Oliver Collins, Sr. Estate has lossed love, society and companionship and any and all damages allowed under the Michigan Wrongful Death Act, MCL 600.2922.

23. Plaintiff seeks all damages recoverable under the FELA.

24. Less than three (3) years before Plaintiff's Complaint was filed, he first learned that his pulmonary fibrosis was caused or contributed to by the negligence of the Defendants.

WHEREFORE, the Plaintiff demands judgment against the Defendants, Grand Trunk Western Railroad Company and Canadian National Railway Company, in a sum in excess of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00) and the costs of this action.

Respectfully submitted,

/s/*Brandon J. Abro*
BRANDON J. ABRO (P77606)
ROBERT M. GIROUX (P47966)
GIROUX TRIAL ATTORNEYS, PC
Attorneys for Plaintiff
28588 Northwestern Hwy, Suite 100
Southfield, MI 48034
(248) 531-8665
babro@greatMIattorneys.com

Dated: June 8, 2021      rgiroux@greatMIattorneys.com

**JURY DEMAND**

Plaintiff, Janet Collins, as Personal Representative for the Estate of Oliver Collins, Sr., through her attorneys, Giroux Trial Attorneys, P.C., hereby demands Trial by Jury in this matter.

Respectfully submitted,

/s/*Brandon J. Abro*
BRANDON J. ABRO (P77606)
ROBERT M. GIROUX (P47966)
GIROUX TRIAL ATTORNEYS, PC
Attorneys for Plaintiff
28588 Northwestern Hwy, Suite 100
Southfield, MI 48034
(248) 531-8665
babro@greatMIattorneys.com
rgiroux@greatMIattorneys.com

Dated: June 8, 2021